Good afternoon, your honors. May it please the court. Dennis Price of CVOC Price for the appellant. We're here about Mr. Garcia's case, but not really. This case isn't really about Mr. Garcia or Brown v. Luckey or even Marx v. General. It's really about the importance of horizontal stare decisis, something the Ninth Circuit has spoken about considerably and has made clear that the only time we disagree with a prior decision of a prior three-judge panel of the Ninth Circuit is when that decision is clearly irreconcilable with superseding authority, and here we just don't have that. Why isn't Marx clearly irreconcilable with our prior precedent on this point? It seems to say you view the costs provision of these statutes independently from the attorney's fees provisions. The theory of our prior precedent was that because we had read the attorney's fees provision as requiring more than just Marx, in a fairly identical context, said, no, that's not the way you do it. The cost provision is covered by 54D, and the language seems to be precisely the same as the cost provision in the ADA. So why isn't Marx clearly irreconcilable with our prior precedent? Yes, your honor. So there's multiple aspects to that. The biggest reason is Marx looked at the FDCPA and recognized there was not any statutory history or any statutory posture that went into that decision that informed something being different, something that was intended to go against Rule 54. But you do agree that the statutory language in the, whatever it was, the Fair Housing Act, I couldn't do the same shorthand as you, in the Fair Housing Act is exactly the same as the statutory language in the ADA. No, your honor, I don't agree. Where is it different? The language, it treats attorney's fees and costs in independent sections of the statute of the FDCPA. And I do want to correct it. It's not a Housing Act case. It's a consumer rights case. Right. That's right. But tell me, I'm looking at the language. Doesn't it say and costs? In the FDCPA case, it's treating each of them separately. I understand. But I'm asking, isn't there one statutory provision that provides for attorney's fees and costs? There is. And isn't that statutory provision materially identical to the statutory provision in the ADA? I believe, yes, your honor, without the additional context of the statutory language. So your point is that because the Supreme Court has told us that the attorney's fees provision in the ADA is to be read differently than its plain language, which is to say it requires frivolousness, then that marks doesn't control the ADA context. That's correct, your honor. And this court's been comfortable with that for 20 years. Well, tell me, when have we ever addressed whether marks overrules Lucky Stores? I don't believe this court has addressed that, but this court did in Lane v. Residential in 2003 recognize that the FDCPA, which is a consumer rights statute, is not covered by Christiansburg. That was after the decision in Lucky, and that's been followed pretty consistently since then. The question of whether or not to apply marks to a civil rights statute's just never really been before the court, because this court's already dealt with the fact that civil rights statutes are governed by Christiansburg. It's recognized... Well, Title 7's not, is it? I'm sorry? Title 7's not, is it? No, the Rehabilitation Act is not, but Title 1, Title 2, Title 3, which is what this case would be. The Fair Housing Act in just 2001 was recognized as being governed by Christiansburg. Let me just... I want to make sure I'm clear on this point. We have never, as a court, addressed the issue of whether marks overrules Lucky Stores, correct? With the exception of looking at Green v. Mercy, which... Well, but Green doesn't address that issue. It doesn't address it head-on, but the Green court should be assumed to have been aware of controlling precedent before it. So did you go review the briefs from that case? I did. It was not cited. I recognize that. Okay, so it wasn't presented to the court, and they did not address it, but you think we should assume that they knew about it and concluded that marks did not apply? Yes, I think deference to a prior court assumes that the decision was... But what about our case law that says if an issue is not presented or addressed in an opinion, it's not binding on another panel? In other words, because Green didn't consider the effect of marks on Brown, we're not bound by it. I agree that this court is not bound by it, but I think it should be assumed that the court was aware of a 12-year-old decision at that point, and looking... So we should assume they were aware of something that wasn't briefed, and they just decided not to address it at all, just disregard it, a Supreme Court decision addressing a very similar issue of how statutory provision for cost has an interplay with Rule 54D. No, I don't think disregard would be the language that I would use. I think recognizing that a consumer rights statute is just in a different jurisprudential world from civil rights statutes, that it wasn't before the court because it wasn't considered... Didn't the court in marks address a similar argument with respect to consumer protection statutes having the purpose of argument that you're making now? It did address it, but I don't think it addressed it in the same way. The court looked at specifically the Tenth Circuit rule decision, which Marks went off of, looked at the history of that statute and recognized that there was not the same language that Christiansburg had, that all these Civil Rights Act statutes had, and so there was nothing to throw out the Rule 54 from that, implicit or explicit, whereas in the civil rights context, you have the benefit of Christiansburg for almost 50 years. Addressing attorney's fees, which as the court explained in Marks, there's a far different history for attorney's fees than for cost. And why couldn't the district court address those concerns in its discretion? Rule 54D doesn't require the district court to impose cost. I agree that it doesn't require it, but I think the language of Marks that says there's a venerable presumption in favor of is fundamentally inconsistent. But then the very next line says, but it's within the district court's discretion. Yes, Your Honor, it would be within the district court's discretion, but discretion is bounded. Christiansburg also is within the court's discretion. But I want to go back to, what do you want us to do? Now that we've noticed this issue and it's fully briefed, you tell us we don't have the power to address it. Should we sua sponte call the court and back to address it? Obviously, that would be within this court's discretion. Well, I know. But what do you want us to do? I can take it what you want us to do is to continue to ignore it and hold in your favor. I don't. In fact, in my reply brief, I lay out three or four different ways in which Marks and Brown v. Luckey can be reconciled. I think the history of the statute... Let's assume they can't for a moment. If they can't be reconciled, but your position is that we lack the power to to deal with it, which we must call the case and bank, shouldn't we? I don't think this, as much as I think it goes against what I would like to happen, this panel does have the authority to decide. No, I understand we have the authority to, but if your position seems to be if we want to address this issue and we think Marks is irreconcilable with Luckey stores, then the only way this court can address the issue is through and then bank. If this court believes that it's irreconcilable, it's well within this court's discretion to make that decision. But if this court believes that it can be reconciled and it believes that either Brown was incorrect... Yeah, but you're asking a different question to what I'm asking. Let's assume we believe they can't be reconciled. Then it seems to me your position has to be that we need to call this full and bank panel to address this issue. I don't believe Miller v. Gammy requires that. I believe that would be within this court's authority to overrule Brown v. Luckey as abrogated by Marks if that was the decision. You think it would be within our authority? I think that's what Miller v. Gammy says. Do you think a three-judge panel could say we think it's abrogated? If it's clearly irreconcilable according to this court's decision, it's well within this court's discretion. Notwithstanding Greene, I think Greene illustrates why that should be a difficult decision. I understand that your argument is different, but I'm just trying... So your point is that if we think they're irreconcilable, contrary to what you're arguing, you think we do have the power to say so? Yes, and I think that's consistent with the Ninth Circuit precedent, yes. I would like to reserve some amount of time or a bottle. I know I don't have very much. Well, you have eight seconds at the moment, but we did take you right up to the wire, so I'll give you a minute. All right, and we have Mr. Stillman appearing on video. Please go ahead. Good afternoon, Your Honors. May it please the Court, Philip Stillman, Stillman Associates for Appellee. I think the issue here is actually a fairly simple and narrow one. In 12 years after Brown, Supreme Court came down with Marks v. General Revenue Court, and that specifically provided that a federal statute only displaces the presumption under Rule 54 D1's standard for awarding costs if the statute is contrary to the rule. And the Supreme Court further explained that the statute providing that the court may award costs to a prevailing party is not contrary to the rule because it does not limit the court's discretion to award costs. And that's what we have here. Under both the Fair Decollection Practices Act and under our case here, the ADA, you have an explicit provision of discretion to the district court to make that determination. The Fair Decollection Practices Act says the court may award defendant attorneys fees reasonable in relation to work and costs. The ADA is even broader in terms of the court's discretion. It says the court may allow the prevailing party a reasonable attorney's fee, including litigation. Mr. Stillman, could you address what I understand to be your friend's position, which if I can restate it, I hope I don't get it wrong, but I'll try. He says, well, we have a attorney's fee provision in the ADA as interpreted by Christian Berg, which means more than it says. It says the court may award attorney's fees, but it basically says the court can't award attorney's fees to a defendant unless the plaintiff's suit is frivolous. And he puts the cost provision and the attorney's fees provision together to restrict the ability of the court to award costs to a prevailing defendant. Respond to that argument, if I've restated it accurately. Well, if I understand your argument correctly or how you phrased it, Christian Berg addresses a specific issue, which is attorney's fees, which is obviously contrary to the American rule. And so it sets forth specific times, well, judicially created, by the way, not by statute in the, as you noted, these certain circumstances where somebody could be awarded attorney's fees as a prevailing defendant. Christian Berg, most importantly, does not address costs. And that is, when you're looking at the issue of costs, the starting point is always the statute. And the statute here, Rule 54D, specifically says the prevailing party is entitled to its costs. It seems a little strange. I mean, Judge Beatty asked the question a little differently, so let me try. It's been 10 years since Marx was decided. 11 years? 12. We've continued to apply it in Green, extended to a new act in Green. Is it just nobody brought it up? Have we missed something? It's sort of strange that a case has been abrogated by a Supreme Court decision and nobody's noticed. Help me out on that. Your Honor, I obviously be speculating, but I have a theory behind this. I mean, if you take a look at this case, for example, we're talking about $415 and some odd in costs. And other than the principle involved, people say, you know, it's not worth going to appeal, but incurring those expenses in proving a principle on an issue. And I think that could be an explanation why this has not actually been presented for square whether Marx overrules, abrogates Brown v. Lucky Stores. Do you think the district court had the power to say that a Ninth Circuit decision had been abrogated? Yes, Your Honor. I think under GAMI, I think the district court is obligated to follow intervening Supreme Court authority afterwards. And that's exactly what the court did in this particular case. Looked at Marx, which was presented to the court, looked at Brown v. Lucky Stores, decided that the intervening Supreme Court authority in Marx was irreconcilable with Brown and Lucky Stores, and ruled accordingly based on that. Not just this district court, right? There's several district courts in our circuit that have reached the same conclusion? Yes, Your Honor. Several have in this circuit. Several district courts in this circuit and several district courts and courts of appeal who have been faced with this issue have ruled in the same way around the country. The Second, Fifth, and Tenth Circuits, for example, all have distinguished the idea of applying Christiansburg to costs, for example. Several of the district courts around the country, in Florida and in other places, have also ruled in the same fashion regarding the ADA, not just generally of awarding costs. So I think in this particular case, the issue is squarely presented that a statute providing that the court may award costs to the prevailing party is not contrary to the rule because it doesn't limit the court's discretion. And here in the ADA, the court has by statute the discretion to award attorney's fees and costs without regard to who is the defendant and the plaintiff. And that obviously has been changed somewhat by Christiansburg imposing a higher standard on defendants to get attorney's fees than plaintiffs. But Christiansburg, as I said before, does not apply to costs, and none of the courts have applied at the costs since then. Can you help me out here? Have the other circuits, other than the Fourth, addressed the ADA? Yes, Your Honor. I believe the Second Circuit, the Fifth Circuit, and the Tenth Circuit have all addressed. And they were all ADA cases as opposed to similar attorney's fees and cost provision? I believe so, Your Honor, yes. And in this circuit, the district courts, as I read it, have largely cited each other. Am I right in thinking that? Well, yes. I mean, I have several of these cases, and I was counsel in several of these cases in the district courts that have decided that Brown was implicitly... That's right. That was a nice way of putting it. I was noticing, reading those cases, it seemed to be the same cast of characters. Yes, it is, Your Honor, because they all arose out of the reservations rule cases that my colleague, Mr. Preissensperm, had filed. And I represent a number of hotels in the state of California, so this issue has come up quite a bit as we were the prevailing parties on several of these cases, almost, including one before the Ninth Circuit last summer. So I think the issue really comes down to, well, what does may mean? The Supreme Court has told us in marks that may means that the district court has discretion to award costs or not award costs. And that's something that the district court did in this case and can exercise in another case. And, Your Honors, I think that it's important to understand that this is not a guarantee that every prevailing defendant is entitled to costs. I mean, this is a case where the district court has discretion under the statute, and I think that under marks, I think that the court, because it has discretion, still has to follow Rule 54 on the costs. Excuse me. So Brown and Green both discussed the statutory language being parallel with respect to attorney's fees and costs, and then concluded that the same standard must apply to both attorney's fees and costs. The underlying case has to be frivolous before the defendant could recover either attorney's fees or costs. After marks, do you think that that analysis based on parallel language in the statute, the ADA or any other one of the statutes that has a cost provision, is still valid? Well, Your Honor, I think that marks changed the landscape. And I think that what's distilled from marks is the idea that if a statute provides that a court may award attorney's fees, may award costs, that is not contrary to the Rule 54D, which provides for prevailing party attorney's fees, because there's a discretion. And as the Supreme Court discussed in marks, there's a difference between saying that you must award costs, you shall award costs, only a plaintiff can award costs. The Supreme Court specifically refers to the fact that Congress knows how to limit an award of costs if it chooses to do so, and then cites several statutes as examples for that. And contrary, this case, as you said, marks was decided several years, 12 years after Brown v. Lucky Stores. And the Congress hasn't seen fit to change the statute to make it clear that no, marks does not apply in this context. And the Supreme Court got it wrong, and the congressional intent was wrong. So we have a situation where the statute is unchanged, and the Supreme Court has spoken on it. And I think it's a four square with the ADA. And I think that because of that, the court's obligated to follow the intervening Supreme Court authority. What if the statute had no language about costs at all? The court could still award costs under Rule 54D, could it not? Absolutely, Your Honor. So this, and maybe I'm quarreling with the Supreme Court, I've done that before, but this makes the end costs part of the statute completely superfluous, doesn't it? Well, I mean, the Supreme Court said that it did not, that in the same kind of language, it said it was not superfluous. But whether it was superfluous or not, it did not change the outcome in marks. And that was the argument that the US, the United States made in its amicus brief on that issue. So- I guess I'm channeling the non-majority in marks. I'm just, I find it strange that Congress would add words to a statute when the district courts already had the power to do that. But that's- But I'm like you, I just have to read and obey. Yeah. And the issue, Your Honor, is really one of statutory interpretation and then applying the Supreme Court's rule to that. And when you do that, you reach a conclusion, you have to reach a conclusion that where a court has discretion that to award costs to one party or the other, that is not contrary to the rule in Rule 54D, which is the presumption that a prevailing party gets costs. And as the Supreme Court said, Rule 54D1 codifies the venerable presumption that prevailing parties are entitled to costs. And yet, even in 54D, the issue of costs and attorney's fees are treated separately. So, and that's what the Supreme Court noted in marks as well. So we're about three minutes over time. Oh, I'm sorry, Your Honor. All right. For the foregoing reasons, I request that the court affirm the district court on its decision. Thank you very much for your time. Thank you. And Mr. Price. Thank you, Your Honors. I do want to address the issue of language being superfluous. It is addressed in the Supreme Court decision, but I think it's- Which way? It's what the dissenters say. It is. And it's not superfluous. And the reason why is 1692K, which is the FDCPA cost statute, it's intended to be a belt and suspenders approach to make sure that costs and attorney's fees shifting are applicable not only in a prevailing party case, but on a case that's brought in bad faith. There are a lot of ways that a case can end in favor of the defendant, in which they don't become a prevailing party. Things such as jurisdictional issues, mootness. 1692K covers that. And so it's not just a superfluous statute, but it's intended to dissuade against those- No, I understand that it's- Figure out why it wasn't under his. And I want to acknowledge, I guess, the elephant in the room here. There is tension between Brown and Mercy and Marks, but tension's not enough. It's not about whether or not it's a close call or if there's a narrow alley to go down. It's whether or not there isn't an alley. And I believe there is- The reason I ask your friend about other district courts and other circuits is because I think it might be more than just tension when we have a number of district courts deciding that they're not going to follow Ninth Circuit precedent because they believe it's been overruled by Marks. So that seems to tee up a live issue that's something more than tension for us. Yes, but I also think there's a bit of a selection bias in the cases that have been cited by my colleague. If we look at what happened in Green versus Mercy, the courts are going a to FHA cases which have almost identical language, almost literally identical language, and they're happily applying Green versus Mercy just fine. If we look to the Fourth Circuit in Scoggins, which was decided after Marks, it recognized that there was a difference there. And the Fourth Circuit's still applying the same language that's happening in this circuit and in the Second Circuit and the FHA. Well, let me ask the question I asked your friend a little more specifically because I'm still not sure I know the answer. Other than the Tenth Circuit case that went up in Marks, are there Court of Appeals decisions? See, I think the problem is that the Ninth Circuit may have been the only place where costs were not treated as discretionary before Marks. Am I right about that? No, that's incorrect, Your Honor. Again, for one, in the Mercy case recognized the second. No, no, I'm talking about ADA cases. And then if we look to California, which I realize is not exactly the same. Yeah, no, I'm asking about Federal Courts of Appeal. Are there any Federal Courts of Appeal cases on point interpreting the ADA post-Marks in a circuit that had our view before Marks? I'm not aware of any that have addressed it. And is that because our view before Marks was to the ADA idiosyncratic or had other circuits adopted that view? I don't think so. I think Mr. Stillman's position that this is an issue that's difficult to tee up is really the fact. That's the reason I brought up the California case. No, I understand. And I know we're a little bit over, but I was a little bit taken back by the assertion that other circuits have addressed this precise issue. And I'm trying to figure out whether other circuits have addressed this precise issue in the context of the ADA and those circuits had the same rule we had in Lucky Stores. No, and I think the reality of it is the Ninth Circuit is a bit unique in that we have the California Under Act, which puts a lot more of these cases up on appeal. It's not that they're dodging that issue. It's just not before them because the vast majority... Might be correct in saying this is an issue of first impression with respect to the ADA? On the federal circuits? Yes. I do mention the California for a reason, and that's that the cost shifting is actually more stringent under California rule. I understand, but that's a state law issue. It is. But the reason I bring it up is they actually use Brown versus Lucky and found the language and the rationale of Brown versus Lucky to be more persuasive, even though their language says expressly states otherwise. So it's actually a strong... Okay. I think you've answered my question. Thank you. Yeah. And so I guess what I would leave is that Marks gives the answer to this question, is whether or not something can be contrary to the rule can be found in the statutory language and the statutory interpretive language. And if we look to Marks, that wasn't present. And if we look to the ADA, we look at the Civil Rights Act, so we look to the FHA and Christiansburg, which makes clear that this applies to attorney's fees. When the Ninth Circuit said that attorney's fees and costs are parallel, it took that additional language and read that into how the Senator acts with Rule 54. That's not found in 1692K, which does not make costs and attorney's fees parallel. It is found in 12205, which makes it parallel and has been extended numerous times. And so I do think there is an alley to go down to reconcile Marks with Brown versus Lucky. And I think this court should do that because that's what's consistent with horizontal stare decisis and all these cases that depend on a 20-year-old law to inform the decision on whether or not to bring a case. And so with that, I would submit your honors. Thank you. All right. Thank you. Thank you both for your arguments this afternoon. And this case is submitted.
judges: TASHIMA, HURWITZ, BADE